IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NOOR HUSSEIN ALMOMANI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| TERRY S. JOHNSON, in his ) | |
| official capacity as Sheriff, ) | 1:25-cv-950 |
| Alamance County; MAJOR STEVEN ) | |
| YOUNG, WARDEN, Alamance County ) | |
| Detention Facility; TODD LYONS, ) | |
| in his official capacity as ) | |
| Acting Director of Immigration ) | |
| and Customs Enforcement; KRISTI ) | |
| NOEM, Secretary of Homeland ) | |
| Security; and PAMELA BONDI, ) | |
| United States Attorney General ) | |
| ) | |
| Respondents. ) | |

## ORDER

This matter is before this court on Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 3.) On October 31, 2025, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), this court restrained Respondents from transferring Petitioner from his current detention location and set the matter for a hearing on November 3, 2025. (Doc. 5.) A hearing was held on November 3, 2025, and this court ordered the parties to file supplemental briefing on the statutory authority that applies to Petitioner's detention and removal proceedings. (Doc. 8.) This court also extended its

order restraining Respondents from transferring Petitioner and set the matter for a hearing on November 19, 2025. (Id.)

This court held a hearing at 10:00am on November 19, 2025, and all parties were present. For the reasons stated on the record and in this Order, this court will grant Petitioner's requested injunctive relief and direct Respondents to hold a bond hearing before an Immigration Judge. The undisputed facts establish that Petitioner was subject to removal proceedings under Section 240 of the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq., (Doc. 10-1 at 6). Petitioner entered the United States without inspection and was released on his own recognizance after being encountered by Respondents on May 25, 2024. (Id. at 1.) Petitioner has admitted these facts. (Id. at 12; Doc. 9 at 2.) Following his encounter with Respondents, the United States Border Patrol "issued the Petitioner a Notice to Appear," (Doc. 10-1 at 1), and the Notice to Appear gave notice that Petitioner was "[i]n removal proceedings under section 240 of the Immigration and Nationality Act." (Id. at 6.) On October 20, 2025, Respondents detained Petitioner "during a check-in appointment pursuant to his enrollment in" the Alternatives to Detention Program. (Id. at 2). Petitioner is currently detained at Folkstone D. Ray ICE Processing Center (FDRIPC) in Folkston, Georgia. (Id.)

Because Petitioner was subject to the "usual removal process" under 8 U.S.C. § 1229(a), Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 108 (2020), this court finds that Petitioner gained a protected liberty interest arising from his release on recognizance that requires a bond hearing under 8 U.S.C. § 1226. Cordero Pelico v. Kaiser, No. 25-CV-07286-EMC, 2025 WL 2822876, at *7 (N.D. Cal. Oct. 3, 2025). See also Make the Rd. New York v. Noem, No. 25-CV-190 (JMC), 2025 WL 2494908, at *12 (D.D.C. Aug. 29, 2025). Petitioner's detention on October 20, 2025, occurred in North Carolina more than one year after he had been released on his own recognizance. (Doc. 10-1 at 1.) This court therefore joins "virtually every district court nationwide that has addressed" this issue, S.D.B.B. v. Johnson, No. 1:25-CV-882, 2025 WL 2845170, at *5-6 (M.D.N.C. Oct. 7, 2025) (collecting cases), and finds that Petitioner's detention is governed by 8 U.S.C. § 1226 which entitles Petitioner to a bond hearing. See Luna Quispe v. Crawford, No. 1:25-CV-1471-AJT-LRV, 2025 WL 2783799, at *6 (E.D. Va. Sept. 29, 2025) (collecting cases). Petitioner was, and must continue to be, subject to § 1226. See Lopez Benitez v. Francis, No. 25 CIV. 5937 (DEH), 2025 WL 2371588, at *5 (S.D.N.Y. Aug. 13, 2025).

**IT IS THEREFORE ORDERED** that Respondents shall hold a bond hearing in front of an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within seven days of this Order.

**IT IS FURTHER ORDERED** that Respondents shall file a status report with this court within three days of the occurrence of the bond hearing, notifying this court of the hearing outcome and any subsequent actions taken pursuant or in relation to that hearing.

**IT IS FURTHER ORDERED** that this court's order restraining Respondents from transferring Petitioner and removing Petitioner from the continental United States remains in full force and effect pursuant to the All Writs Act, 28 U.S.C. § 1651(a), until Respondents file their status report and a written order adopting that report is entered.

This the 20th day of November, 2025.

/s/ William L. Osteen, Jr.
United States District Judge